UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tabari Facen,                                        Case No. 4:20-cv-985

         Plaintiff

     v.                                               MEMORANDUM OPINION AND
                                                       ORDER

Warden Mark K. Williams,

         Defendant

         *Pro se* Petitioner Tabari Facen, a federal inmate incarcerated at Federal Correctional Institution Elkton ("Elkton"), has filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner contends the conditions under which he is incarcerated at Elkton, where COVID-19 is "ravaging the facility," violate his rights under the Eighth Amendment. (*Id.* at 2, ¶ 4.) He seeks release to home confinement and declaratory relief. (*See id.* at 5.)

         Petitioner does not represent that he has exhausted his administrative remedies with the Bureau of Prisons (BOP) with respect to a claim for release to home confinement based on COVID-19 circumstances. Instead, he asserts that "[a]dministrative procedures . . . are inadequate." (*Id.* at 4.)

         A district court must undertake a preliminary review of a *habeas corpus* petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to

1

"screen out" *habeas corpus* petitions that lack of merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*

Upon review, I must dismiss the Petition pursuant to Rule 4.

Before a prisoner may seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons ("BOP"). *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id.*

It is apparent on the face of the Petition that Petitioner has not exhausted his administrative remedies with the BOP, and it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies before seeking *habeas corpus* relief under § 2241 due to COVID-19 circumstances regardless of the statutory basis for their claim. *See, e.g., Cottom v. Williams*, No. 4: 20 CV 574, 2020 WL 2933574 (N.D. Ohio June 3, 2020); *Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542 (N.D. Ohio May 1, 2020); *Robles-Hernandez v. Williams*, Case No. 4: 20 CV 1430 (N.D. Ohio Oct. 20, 2020).

Additionally, the Petition on its face does not suggest a colorable Eighth Amendment claim. In *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020), the Sixth Circuit examined the conditions at Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. 961 F.3d at 844. The Sixth Circuit held that that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required subjective element of a constitutional deliberate indifference claim. *Id.* at 840. The Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" – as Petitioner seeks here – for prisoners at Elkton,

including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844.

Given that the Sixth Circuit has already considered an essential element of Petitioner's Eighth Amendment claim based on the same allegations relating to COVID-19, and published an opinion holding that the Respondent would likely prevail, the instant Petition does not allege a colorable claim upon which he may be granted *habeas corpus* relief.

For the foregoing reasons, the Petition is dismissed without prejudice pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases.[1] I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

So Ordered.

  s/ Jeffrey J. Helmick
United States District Judge

---

[1] The dismissal is without prejudice to re-filing after exhaustion and in the event of a final judgment in *Wilson*, or other binding authority in this Circuit, suggesting a colorable claim.